## In re DISPOSABLE DIAPER PATENT VALIDITY LITIGATION.

### No. 136.

Judicial Panel on Multidistrict Litigation.

Aug. 21, 1973.

Proceeding on motion for transfer of action. The Panel on Multidistrict Litigation held that where patent litigation consisted of only three actions in two different districts, at least one action in transferee court was proceeding expeditiously toward trial, and if court in such action held patent invalid estoppel rule could eliminate any need for further discovery or trial concerning the litigant, transfer of action for coordinated or consolidated pretrial proceedings was inappropriate.

Motion denied.

See also D.C., 348 F.Supp. 1265.

Courts ⚖︎277.2

Where patent litigation consisted of only three actions in two different districts, at least one action in transferee court was proceeding expeditiously toward trial, and if court in such action held patent invalid estoppel rule could eliminate any need for further discovery or trial concerning the litigant, transfer of action for coordinated or consolidated pretrial proceedings was inappropriate. 28 U.S.C.A. § 1407.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

This patent litigation consists of three actions in two different districts concerning the validity and enforceability of the Proctor and Gamble (hereinafter P&G) patent on disposable paper diapers. Both U. S. Industries, Inc. (hereinafter U.S.I.) and Weyerhaeuser Company manufacture and sell disposable paper diapers which P&G has alleged infringes its patent. Weyerhaeuser moves the Panel for an order transferring all actions to a single district for coordinated or consolidated pretrial proceedings. U.S.I. favors transfer only to the Southern District of New York; P&G opposes transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

In March 1972 U.S.I. filed a declaratory judgment action against P&G in the Southern District of New York asserting that the disposable diaper patent was invalid and not infringed. U.S.I. also asserted antitrust and unfair competition claims based on the invalidity of the patent. In January 1973 P&G filed an infringement action against Weyerhaeuser in the Northern District of Illinois. Shortly thereafter, Weyerhaeuser filed a declaratory judgment action against P&G in the Western District of Washington asserting the same claims as those asserted by U.S.I. in the New York action. The Weyerhaeuser declaratory judgment action, however, has since been transferred under Section 1404(a) to the Northern District of Illinois. As a result, there are two actions pending in the Northern District of Illinois and one in the Southern District of New York.

Movant Weyerhaeuser contends that the issue of patent validity is common to all actions and that transfer is necessary in order to avoid duplication of discovery. Although there is a possibility of some duplication of discovery between the Chicago and New York actions regarding the validity of the P&G patent, the reasons for denying transfer, on balance, are more compelling.

---

[*] Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

We have previously denied transfer certain actions in the litigation proceeding expeditiously toward trial. In re Falls City, Nebraska, Air [Cente]r Litigation, 298 F.Supp. 1323, (Jud.Pan.Mult.Lit.1969). And in one of the Chicago actions, the court has ordered a discovery cutoff date of September 28, 1973, and plans to set a trial date for October or November. Thus, because of the imminency of trial in that action, we are not convinced that transfer of these actions for coordinated or consolidated pretrial proceedings at this time will serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, especially since the entire litigation involves only three actions pending in two different districts. Furthermore, if the Illinois court holds the P&G patent invalid, the application of the estoppel rule of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), could eliminate any need for further discovery or trial concerning the validity of the P&G patent.

It is therefore ordered that the motion for transfer of the actions listed on the attached Schedule A be, and the same hereby is, denied.

## SCHEDULE A

## DOCKET NO. 136

### SOUTHERN DISTRICT OF NEW YORK

U. S. Industries, Inc. v. The Proctor & Gamble Co.    Civil Action No. 72 Civ. 1351 (ELP)

### NORTHERN DISTRICT OF ILLINOIS

The Procter & Gamble Co. v. Weyerhaeuser Co.    Civil Action No. 72 C 237

Weyerhaeuser Co. v. Procter & Gamble Co.    Civil Action No. 73 C 616



## In re SEEBURG-COMMONWEALTH UNITED MERGER LITIGATION.

*Perry Petroleum Company, et al., v. Adams & Peck, et al., Northern District of Texas, Civil Action No. CA-3-6519*

### No. 37.

Judicial Panel on Multidistrict Litigation.

Aug. 3, 1973.

The Judicial Panel on Multidistrict Litigation transferred action by former shareholders of acquired corporation against various directors, officers and agents of acquiring corporation based on alleged violations of federal securities laws to Southern District of New York for coordinated or consolidated pretrial proceedings with actions previously transferred to that district in order to serve convenience of parties and witnesses and to promote just and efficient conduct of the litigation, where questions concerning orders entered by transferee court and effect of a settlement upon claims asserted by plaintiffs were all questions best resolved by transferee judge, where plaintiffs' complaint contained allegations similar to those asserted by plaintiffs who still had causes of action pending in transferee district, and where many of defendants were also defendants in the actions in New York.

Order accordingly.

## IN RE SEEBUR[G]

Courts ⊂⊃277.2

Action by former acquired corporation a[gainst] rectors, officers and a[gents of] corporation based on [alleged violations] of federal securities [laws was] transferred to Southern [District of New] York for coordinated pretrial proceedings [previously transferred to th[at district] der to serve convenience [of] witnesses and to promot[e just and effi]cient conduct of the l[itigation, where] plaintiffs' complaint c[ontained allega]tions similar to those a[sserted by plain]tiffs who still had cause[s of action pend]ing in transferee distr[ict, and where] many of defendants w[ere also defend]ants in the actions in N[ew York.] S.C.A. § 1407; Fed.Rule [Civ.Proc.] 23, 28 U.S.C.A.

## OPINION AND [ORDER]

Before ALFRED P. M[UR]man, and JOHN MINOR WARD WEINFELD, E[DWARD WEIN]SON, WILLIAM H. BE[CKER, JOSEPH] S. LORD, III, and STA[NLEY A.] GEL, Judges of the Panel.

### PER CURIAM.

The Panel initially tran[sferred] actions brought by stock[holders of Com]monwealth United Corp[oration against See]burg Corporation to th[e Southern Dis]trict of New York and a[ssigned] the Honorable Frank H. [Mc Gar]ting by designation, for [coordinated or] consolidated pretrial pr[oceedings pursu]ant to 28 U.S.C. § 1407. [In re] Commonwealth United [Merger Litiga]tion, 312 F.Supp. 909 (J.P.[M.L.] 1970). Since that time, [the Panel has] transferred to that dist[rict other] actions which raised q[uestions] common to those initiall[y transferred.] See, e.g., In re Seeburg-C[ommonwealth] United Merger Litigation[, 340 F.Supp.] 552 (Jud.Pan.Mult.Lit.1972). [The Panel] ordered the parties in t[he]